THE HONORABLE _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

GREY GHOST PRECISION, LLC, a
Washington Limited Liability Company,

       Plaintiff,

    v.

GHOST, INC., a Florida Corporation;
and DOES 1-5,

       Defendants.

Case No. 2:17-cv-1384

**COMPLAINT**

COMPLAINT -
[2:17-CV-1381]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiff GREY GHOST PRECISION, LLC, ("Plaintiff" or "Grey Ghost")
alleges as follows:

## INTRODUCTION

1.      Plaintiff Grey Ghost seeks declaratory judgment of non-infringement of
alleged trademark rights asserted against Plaintiff by Defendant Ghost, Inc.
("Ghost" or "Defendant"). Plaintiff further seeks declaratory judgment that the
alleged trademark rights asserted by Defendant are invalid and unenforceable.

2.      Defendant has initiated a Petition for Cancellation of Plaintiff's GREY
GHOST PRECISION trademark registration and has asserted that Plaintiff is
infringing on Defendant's alleged trademarks by manufacturing and selling rifles
using the mark at issue. Plaintiff denies that it has infringed any trademarks owned
by Defendant. Plaintiff further asserts that Defendant's alleged trademarks are
invalid due to fraud and abandonment.

## PARTIES

3.      Plaintiff Grey Ghost is a limited liability company organized and existing
under the laws of the State of Washington, with its principal place of business
located in Lakewood, Washington.

4.      Defendant is a corporation organized and existing under the laws of the
State of Florida, with its principal place of business located in Miami, Florida.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment arising under (i) the
Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark
Act"); (ii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); and (iii) 28 U.S.C. §§
2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original
jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331
and 1338.

6.      Defendant is also subject to the personal jurisdiction of this court
because it sells the products at issue in western Washington state and therefore has

COMPLAINT - 1
[2:17-CV-1381]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

sufficient minimum contacts to subject it to personal jurisdiction in the Western District. In addition, its false assertions of infringement of alleged trademarks were directed to the Plaintiff in the State of Washington.

7.    Venue of this action is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2). In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the Western District of Washington.

## FACTS

8.    Grey Ghost is a manufacturer and seller of rifles and accessories. Its products include rifles, "uppers," "lowers," and "slides." It markets and sells its products through its website http://www.greyghostprecision.com/, and several brick-and-mortar locations.

9.    Grey Ghost began using the mark Grey Ghost Precision commercially on or before February 17, 2014. Since then, Grey Ghost has consistently used this mark in marketing its products.

10.    Grey Ghost applied for Trademark protection on July 19, 2014, and obtained Trademark Registration Number 4703186 on March 17, 2015.

11.    At no time did Plaintiff know of, or attempt to benefit from the reputation of any of Defendant's marks.

12.    Defendant's products include component parts for guns, holsters, firearm sights, and gun parts. It markets and sells its products through online retail stores and wholesale distributorships. Defendant does not manufacture or sell rifles or parts of rifles, uppers, or slides.

13.    Defendant is the Registrant/Applicant of various marks including the word "ghost" that it uses on the firearms parts and accessories it markets and sells.

14.    None of Defendant's registered marks are for rifles or companies that

COMPLAINT - 2
[2:17-CV-1381]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  manufacture or sell rifles.

2  15.    None of Defendant's marks include the words "grey" or "precision,"
3  in any order.

4  16.    The only commonality between Plaintiff's mark and Defendant's marks
5  is the word "ghost."

6  17.    Plaintiff is informed and believes that Defendant's marks are not widely
7  recognized by the consuming public as an indication of origin of Defendant's
8  goods.

9  18.    The use of the word "ghost" is not uncommon in the firearms industry.
10  For example, the term "ghost gun" refers to an untraceable firearm without a serial
11  number. See https://en.wikipedia.org/wiki/Ghost_gun.  It is used by police, gun
12  control advocates, gun rights advocates, and others. See, e.g.,
13  https://www.wired.com/2015/06/i-made-an-untraceable-ar-15-ghost-gun/;
14  http://abc7news.com/news/walnut-creek-police-say-ghost-gun-used-in-murder-
15  suicide/903250/; http://www.sfgate.com/bayarea/article/Cops-Walnut-Creek-
16  murder-suicide-suspect-used-6424702.php; and
17  http://channel.nationalgeographic.com/underworld-inc/episodes/ghost-guns/.

18  19.    The term "ghost" is used in connection with at least one military
19  tactical shooter video game series, "Tom Clancy's Ghost Recon." See, e.g.,
20  http://ghostrecon.wikia.com/wiki/Tom_Clancy%27s_Ghost_Recon (Game).
21  Notably, Plaintiff builds the gear that is used as models by the makers of this game.

22  20.    The term "ghost" is also used in products that facilitate the conversion
23  of a firearm into a "ghost gun," such as lower receivers or receiver kits. See, e.g.
24  https://ghostgunner.net/market; https://aeroprecisionusa.com/ar15-stripped-
25  lower-ghost.html; https://gun.deals/category/gun-parts?caliber=1586.

26  21.    Furthermore, the term "ghost" is used by various other companies
27  manufacturing and selling kits, accessories, and parts related to firearms. See, e.g.,
28  Ghost Rifles, https://www.ghostrifles.com/; and Ghost Guns,

COMPLAINT - 3
[2:17-CV-1381]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  https://www.ghostguns.com/.

2      22.    Plaintiff is informed and believes that there have been no incidents of

3  actual confusion between Plaintiff's and Defendant's marks.

4      23.    Plaintiff is informed and believe that customers in the firearms industry

5  exercise a great deal of brand-specific discernment when purchasing firearms and

6  accessories.

7      24.    Plaintiff Grey Ghost also has a well-known name in the U.S.

8  Department of Defense Community and is a registered DOD contractor providing

9  its weapons systems to various specialized units within the DOD and several other

10  Governmental Agencies.

11     25.    Despite the common use of the term "ghost" in firearms-related

12  parlance, on or about August 4, 2017, Defendant filed a Petition for Cancellation

13  with the USPTO, seeking to cancel Plaintiff's mark GREY GHOST PRECISION,

14  Registration No. 4703186.

15     26.    On or about August 10, 2017, Plaintiff received a notice of Cancellation

16  No. 92066636 from the USPTO.

17     27.    Defendants' Petition for Cancellation cites the following marks as Basis

18  for Cancellation:

19          a.   GHOST INC. Reg. No. 3605662. Registered in class 13 for

20              "Holsters" and class 35 for "On-line retail store services featuring

21              firearms accessories; Wholesale distributorships featuring firearms

22              accessories". Purported date of first use December 15, 1999

23          b.   GHOST. Reg. No. 4601615. Registered in class 13 for

24              "Component parts for guns". Purported date of first use January 1,

25              2000.

26          c.   GHOST LIFE. Reg. No. 4601616. Registered in class 13 for

27              "Component parts for guns". Purported date of first use January 1,

28              2010.

COMPLAINT - 4
[2:17-CV-1381]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1
2
3

    d.   GHOST ULTIMATE. Reg. No. 4609087. Registered in class 13 for "Component parts for guns". Purported date of first use March 12, 2002.

4
5
6

    e.   GHOST WING. Reg. No. 4890327. Registered in class 13 for "Component parts for guns". Purported date of first use October 5, 2015.

7
8
9

    f.   GHOST RIDER. Reg. No. 4601617. Registered in class 13 for "Component parts for guns". Purported date of first use January 1, 2013.

10
11
12

    g.   GHOST ROCKET. Reg. No. 4428314. Registered in class 13 for "Component parts for guns". Purported date of first use August 1, 2000.

13
14
15

    h.   GHOST MAKER. Reg. No. 4189237. Registered in class 13 for "Firearm sights; Gun parts". Purported date of first use August 1, 2010.

16
17
18

    i.   GHOST INC & DESIGN. Ser. No. 87386390. Pending application in class 13 for "Component parts for guns; Holsters". Purported date of first use January 1, 2017.

19
20
21

    j.   GHOST BULLET. Ser. No. 86922657. Pending application in class 13 for "Component parts for guns". Purported date of first use February 1, 2015.

22
23
24

    k.   GHOST EVO ELITE. Ser. No. 86604004. Pending application in class 13 for "Component parts for guns". Purported date of first use January 1, 2012.

25
26

    28.   Plaintiff received no notice or correspondence from Defendants prior to the filing of the Petition for Cancellation.

27
28

    29.   Plaintiff is informed and believes that Defendant's earliest registered mark, Registration No. 3605662, dated April 14, 2009, was not used commercially

COMPLAINT - 5
[2:17-CV-1381]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1    as represented by Defendants in 1999, but rather, much more recently.

2         30.    Plaintiff is informed and believes that Defendant misrepresented the

3    "first use" dates in multiple applications to the USPTO.

4         31.    Plaintiff is informed and believes that Defendant has abandoned

5    multiple marks it has registered with the USPTO

6                          **FIRST CAUSE OF ACTION**

7
     **(Declaration that there is no likelihood of confusion that would preclude
8    Plaintiff's Registration and that Plaintiff has not infringed Defendant's
                                    marks.)**
9

10        32.    Plaintiff re-alleges and incorporates by reference the allegations set forth

11   above.

12        33.    This is a declaratory judgment action under the Trademark Laws of the

13   United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq. and

14   the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff and

15   Defendant have significant and immediate adverse legal interests. Defendant has

16   filed a cancellation action with the USPTO seeking to cancel Plaintiff's mark

17   GREY GHOST PRECISION. There is an actual, substantial, and continuing

18   justiciable controversy between Plaintiff and Defendant regarding whether

19   Plaintiff's mark GREY GHOST PRECISION violates any of Defendant's allegedly

20   valid marks.

21        34.    As set forth in detail above, there is no likelihood of confusion between

22   Plaintiff's and Defendant's marks and Plaintiff is not infringing any of Defendant's

23   marks.

24        35.    Plaintiff is entitled to declaratory judgment that there is no likelihood of

25   confusion between Plaintiff's use of the mark GREY GHOST PRECISION and

26   Defendant's marks that would preclude Plaintiff's registration of the mark GREY

27   GHOST PRECISION.

28

36.     Plaintiff is further entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant relating to Plaintiff's use of the mark GREY GHOST PRECISION, either directly or by inducing others to infringe or by contributing to infringement by others.

## SECOND CAUSE OF ACTION
**(Declaration of Noninfringement due to Abandonment)**

37.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

38.     The mark GHOST has become generic in the firearms industry. As such, the following alleged trademarks have been abandoned:

   a.   GHOST INC. Reg. No. 3605662. Registered in class 13 for "Holsters" and class 35 for "On-line retail store services featuring firearms accessories; Wholesale distributorships featuring firearms accessories". Purported date of first use December 15, 1999.

   b.   GHOST. Reg. No. 4601615. Registered in class 13 for "Component parts for guns". Purported date of first use January 1, 2000.

39.     In connection with the following alleged trademarks that Defendant claims require cancellation of Plaintiff's trademark registration, Defendant has not used the marks for three consecutive years:

   a.   GHOST WING. Reg. No. 4890327. Registered in class 13 for "Component parts for guns". Purported date of first use October 5, 2015.

   b.   GHOST RIDER. Reg. No. 4601617. Registered in class 13 for "Component parts for guns". Purported date of first use January 1, 2013.

   c.   GHOST ROCKET. Reg. No. 4428314. Registered in class 13 for

COMPLAINT - 7
[2:17-CV-1381]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

"Component parts for guns". Purported date of first use August 1, 2000.

40.     Accordingly, Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant relating to Plaintiff's use of the mark GREY GHOST PRECISION, because the alleged trademarks have been abandoned by nonuse and/or the marks becoming generic.

## THIRD CAUSE OF ACTION
### (Declaration of Unenforceability of Trademark – Word Marks)

41.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

42.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff and Defendant have significant and immediate adverse legal interests. Defendant has filed a cancellation action with the USPTO seeking to cancel Plaintiff's mark GREY GHOST PRECISION. There is an actual, substantial, and continuing justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's mark GREY GHOST PRECISION violates any of Defendant's allegedly valid marks.

43.     Plaintiff requests an order declaring that the Defendant's alleged trademarks lack the requisite legal requirements to be protectable on the Principal Register and to be enforceable.

## FOURTH CAUSE OF ACTION
### (Declaration Unenforceability of Trademark – Fraud on the USPTO)

44.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

45.     Defendant filed eleven applications for Trademark registration with

COMPLAINT - 8
[2:17-CV-1381]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

the USPTO:

    a. GHOST INC. Reg. No. 3605662. Registered in class 13 for "Holsters" and class 35 for "On-line retail store services featuring firearms accessories; Wholesale distributorships featuring firearms accessories". Purported date of first use December 15, 1999.

    b. GHOST. Reg. No. 4601615. Registered in class 13 for "Component parts for guns". Purported date of first use January 1, 2000.

    c. GHOST LIFE. Reg. No. 4601616. Registered in class 13 for "Component parts for guns". Purported date of first use January 1, 2010.

    d. GHOST ULTIMATE. Reg. No. 4609087. Registered in class 13 for "Component parts for guns". Purported date of first use March 12, 2002.

    e. GHOST WING. Reg. No. 4890327. Registered in class 13 for "Component parts for guns". Purported date of first use October 5, 2015.

    f. GHOST RIDER. Reg. No. 4601617. Registered in class 13 for "Component parts for guns". Purported date of first use January 1, 2013.

    g. GHOST ROCKET. Reg. No. 4428314. Registered in class 13 for "Component parts for guns". Purported date of first use August 1, 2000.

    h. GHOST MAKER. Reg. No. 4189237. Registered in class 13 for "Firearm sights; Gun parts". Purported date of first use August 1, 2010.

    i. GHOST INC & DESIGN. Ser. No. 87386390. Pending application in class 13 for "Component parts for guns; Holsters". Purported

COMPLAINT - 9
[2:17-CV-1381]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

date of first use January 1, 2017.

    j.    GHOST BULLET. Ser. No. 86922657. Pending application in class 13 for "Component parts for guns". Purported date of first use February 1, 2015.

    k.    GHOST EVO ELITE. Ser. No. 86604004. Pending application in class 13 for "Component parts for guns". Purported date of first use January 1, 2012.

46.    In connection with each of the applications for the above-listed trademark registrations, Defendant knowingly made false, material representations on fact regarding the purported "date of first use."

47.    Defendant thereby fraudulently obtained the listed trademark registrations in violation of the Lanham Act.

48.    Accordingly, Plaintiff is entitled to a declaration that Defendant's marks are invalid for fraud on the USPTO.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    An order declaring that there is no likelihood of confusion between Plaintiff's mark GREY GHOST PRECISION and Defendant's marks that would preclude Plaintiff's registration of the mark GREY GHOST PRECISION.

2.    An order declaring that Plaintiff is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant relating to Plaintiff's use of the mark GREY GHOST PRECISION, either directly or by inducing others to infringe or by contributing to infringement by others.

3.    An order declaring that Plaintiff is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant relating to Plaintiff's use of the mark GREY GHOST PRECISION, because the alleged trademarks have been abandoned by nonuse and/or the marks

COMPLAINT - 10
[2:17-CV-1381]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

becoming generic.

4.    An order declaring that Defendant's alleged trademarks lack the requisite legal requirements to be protectable on the Principal Register and to be enforceable.

5.    An order declaring that Defendant's marks are invalid for fraud on the USPTO.

6.    For an award of attorney's fees and other costs of suit as provided by statute, contract or equity.

7.    For such other and further relief as the Court deems just and equitable.

Respectfully submitted September 14, 2017.

**Newman Du Wors LLP**

John DuWors, WSBA No. 33987
*john@newmanlaw.com*
Samantha Everett, WSBA No. 47533
*samantha@newmanlaw.com*

Attorneys for Plaintiffs

COMPLAINT - 11
[2:17-CV-1381]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800